IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | |
| | Case No. 08-07455 (BKT) |
| **REINALDO CRESPO VAZQUEZ** | |
| **WANDELYNE MALDONADO MEJIAS** | |
| | Chapter 7 |
| Debtors | |

## JOINT PRETRIAL REPORT

**TO THE HONORABLE COURT:**

Donald F. Walton, the United States Trustee for Region 21 (the "U.S.T."), and Debtors, Reynaldo Crespo Vázquez and Wandelyne Maldonado Mejías, through the undersigned counsel, respectfully state and pray as follows:

### A. THEORY OF THE PARTIES

United States Trustee:

The totality of the circumstances of the Debtors' financial situation demonstrates abuse inasmuch as their level of disposable income would generate sufficient funds over a 60-month period for a full payment to their creditors in a Chapter 13 case. Therefore, the particular facts of this case merit a dismissal pursuant to §707(b)(3) of the Bankruptcy Code.

Debtors:

Can the U.S.T. show through a preponderance of the evidence that these debtors' financial situation demonstrates abuse as required by §707(b)(3)(B)?

Debtors will show that the totality of circumstances as a whole, their financial situation does not demonstrate abuse, but rather a family that has been moderate in their

consumption and that is struggling to make ends meet. That as a family living in Puerto Rico is required to enroll their minor child in a private school, not for luxury or pretense, but for necessity and for the education and security of their child. A family that has no luxury cars, nor high end mortgage or residence, but rather a modest home that is in need of costly repairs which out of moderation and need has not been fixed and repaired despite its continuing depreciation will be shown. Debtors will show that their gasoline consumption & maintenance for 2 cars, one of which is a now 11 years old gas guzzler, are used for constant driving to their separate place of employment and for transportation of the minor child to and from school in lieu of reliable public or school transportation in Puerto Rico. Debtors will also demonstrate that their food consumption is what it is through the tracking of this household expense [and other household expenses] through their checking account and is an expense needed for nutrition of 2 of the family member's medical and nutritional treatment as well as the cost of food in Puerto Rico.

The U.S.T. will presumably argue and attempt to show that despite the dismissal of its §707(b)(1) & (2) allegations in the motion to dismiss, that debtors' expenses are unreasonable and 'lavish' pretending to substitute the expenses actually expended by the debtors with the IRS Standards exclusively without consideration of the totality of circumstances to demonstrate abuse, nor of the amounts already allowed under the revised and amended Means Test that show "no abuse" at Docket #61, no matter the amount actually expended on school, food, car, etc.

Even if the U.S.T. can show some disposable income, which we understand to not exist, as per amended Schedules I & J and Means Test, in a totality of circumstances

analysis, the U.S.T. cannot show that debtors' financial situation demonstrates abuse and the motion to dismiss should be denied.

## B. STATEMENT OF THE ISSUES

United States Trustee:

1. As per Debtors' Schedules I and J at Docket #1 and the IRS Standards, whether Debtors have disposable income to fund a Chapter 13 plan and pay their creditors warranting a dismissal under the totality of the circumstances standard of §707(b)(3) of the Bankruptcy Code.

2. Are Debtors' expenses disclosed in Schedule J at Docket #1 unreasonable rendering their bankruptcy case abusive?

Debtors:

A. Was the filing of UST's Motion to Dismiss under §707(b)(3) untimely and as a jurisdictional issue can it be revisited by the Court?

B. Should tax refunds received during 6 months prior to petition be factored into computation of CMI?

C. Do the totalities of circumstances demonstrate debtors' financial situation to be abusive?

>   i) Is the totality of the circumstances under §707(b) 3 to determine abuse a mechanical formula based solely on Schedules I & J in comparison with IRS Standards?
>
>   ii) Can dishonesty in purpose or abuse of bankruptcy be shown by the U.S.T. in this case by a preponderance of the evidence under §707(b) 3??
>
>   iii) Can the U.S.T. show serious misconduct in excessive spending or debt by the debtors?
>
>   iv) Does the secondary presumption determination at line 55 of the

revised C7 Means Test that shows that the "presumption does not arise" in the amended Means Test dated 1/25/2011 moot the U.S.T.'s motion to dismiss?

v) Does the fact that the debtors were under a repayment plan with their creditors through Alma Financial during 1.5 years prior to their decision to file their bankruptcy impact the issue of abuse in the totality of circumstances determination of abuse?

vi) Can the U.S.T. show that debtors can pay a significant proportion of their unsecured debt under a chapter 13?

vii) What impact can the "ability to pay" have in this case after the dismissal of the U.S.T.'s arguments under §707(b) 1 & (2)?

## C. **STATEMENT OF UNCONTESTED FACTS**

1. Debtors filed their Petition under Chapter 7 on October 31, 2008, along with their Schedules, Statement of Financial Affairs, and the Statement of Current Monthly Income and Means Test (the "Means Test") at Docket #1.

2. Debtors' household consists of one 5-year old child and a 64-year old mother in law and the Debtors.

3. The applicable median family income at the date of filing for Puerto Rico for a household of four was $25,830.00.

4. On April 14, 2009, Debtors filed an amended Means Test at Docket #25.

5. Debtors scheduled $128,000.00 in real property, $119,356.57 of secured debt, and $74,996.00 of unsecured debt.

6. On January 25, 2011, Debtors filed amended Schedules I and J, and amended Means Test at Docket #61 (the U.S.T. does not contest the filing of the amendments).

## D. LIST OF WITNESSES

United States Trustee:

1. Emilio A. Miranda Ramírez – analyst in the Office of the United States Trustee. In summary, Mr. Miranda Ramírez will testify regarding the totality of the circumstances of Debtors' financial situation and their ability to pay; analysis and review of Debtors' Schedules and Means Test; authentication and content of demonstrative evidence as to Debtors' ability to pay their creditors; conclusion of abuse.

Debtors:

1. Reynaldo Crespo Vázquez and Wandelyne Maldonado Mejías - each will testify in their capacity as debtors in bankruptcy and in defense of their inability to fund a Chapter 13 plan in the amounts propounded by the U.S.T. in his Motion to Dismiss. Both debtors and/or either debtor will testify regarding their honesty of purpose in seeking bankruptcy and regarding their overall financial situation to demonstrate the adjustments and moderation in their lifestyle before and during the bankruptcy. In summary, Debtors will testify how they reached the averages used for their household expenses on Schedule J and their income at Schedule I by referring to their bank accounts and/or other evidence of household consumption for expenses in controversy.

2. An as of yet unnamed accountant to testify regarding tax refunds vis a vis computation of CMI.

## E. COPY OF EXHIBITS AND/OR IDENTIFICATION DULY MARKED

The exhibits and identifications will be reproduced and submitted to the Court on or before February 17, 2011.

### F. <u>OBJECTION TO ADMISSIBILITY OF EVIDENCE</u>

The U.S.T and the Debtors respectfully reserve their right to object to the admissibility of evidence not previously stipulated.

### G. <u>MEMORANDA OF LAW IN SUPPORT OF POSITIONS</u>

<u>United States Trustee</u>:

The U.S.T. respectfully re-alleges and incorporates herein the allegations and legal arguments contained in his Motion to Dismiss filed on May 22, 2009, at Docket #30. For purposes of the present report, the U.S.T. submits the following extracts of said motion.

According to the Debtors' Schedules I and J at Docket #1, the Debtors' monthly budget going forward is not sustainable because monthly expenses exceed monthly income. Moreover, the Debtors over-stated their payroll deductions on Schedule I, and several expenses on Schedule J appear significantly inflated. Accordingly, the U.S.T. asserts that a careful analysis of the Debtors' Schedules I and J reveals that the Debtors have considerable disposable income with which to repay their unsecured debts.

On line 4(d) of Schedule I, the co-debtor reported monthly payroll deductions of $167.06, that include $158.49 for voluntary contributions to her "Savings / Retirement" plan. The U.S.T. asserts that it would be improper for the co-debtor to set aside funds for her retirement at the expense of her unsecured creditors. *See In re Edighoffer*, 375 B.R. 789, 798-99 (Bankr. N.D.Ohio 2007) (for purposes of determining whether chapter 7 relief is abusive under the totality of the circumstances pursuant to § 707(b)(3), voluntary retirement contributions constitute disposable income); *In re Burton*, 379 B.R. 732, 736-37 (Bankr. N.D.Ohio 2007). Accordingly, the co-debtor's deductions for retirement plan contributions should be disallowed for purposes of determining her ability to pay pursuant

to §707(b)(3).

On line 16 of amended Schedule I, the debtor reported that he and his spouse generate $6,230.76 in net monthly income. After accounting for the adjustment described above, the U.S.T. asserts that the debtor's net monthly income is $6,389.25 ($6,230.76 + $158.49) for purposes of determining the debtor's ability to pay pursuant to §707(b)(3).

"[T]he Court is under a duty to scrutinize a debtor's expenses, and make downward adjustments where necessary, so as to ensure that the debtor's expenses are reasonable." *In re Gonzalez*, 378 B.R. 168, 173 (Bankr. N.D.Ohio 2007); *see also In re Colgate*, 370 B.R. 50, 56-57 (Bankr. E.D.N.Y. 2007) (examining expenses); *In re Lang*, 2007 WL 2777770, *3-*4 (Bankr. N.D.Ohio 2007) (same); *In re Mattingly*, 2007 WL 1830805, *2-*5 (Bankr. S.D.Iowa 2007) (pre-BAPCPA case). Congress identified the National and Local IRS Standard deductions as presumptively reasonable with respect to a debtor's monthly expenses. *See* 11 U.S.C. § 707(b)(2)(A)(ii)(I).

The Court should disallow or reduce a monthly expense claimed by the Debtors on Schedule J that significantly exceeds the expense that would be allowable under the corresponding IRS Standard. *See In re Edighoffer*, 375 B.R. 789, 796 (Bankr. N.D.Ohio 2007) (where the debtor's anticipated housing and utilities expenses on Schedule J were, respectively, $582 and $253 more than the corresponding IRS standard deductions allowed under the means test, the court concluded that the debtor had sufficient ability to repay her unsecured creditors to warrant dismissal under § 707(b)(3)); *In re Gonzalez*, 378 B.R. 168, 175 (Bankr. N.D.Ohio 2007) ("[A]s a pole for guidance, the expense figures provided in the 'means test' can be helpful when determining the reasonableness of a debtor's expenses under § 707(b)(3)."); *Cf. In re Sparks*, 360 B.R. 224, 228 (Bankr.

E.D.Tex. 2006) ("[I]n an effort to insure that a significant payment to unsecured creditors would actually be made by those persons whose monthly income reflected such an ability, Congress incorporated the § 707(b) standards into § 1325(b)(3) as a statutory ceiling for those enumerated expense categories, thereby precluding the allowance of any improper discretionary spending by higher income debtors in Chapter 13.").

First, the Debtors claimed excessive miscellaneous expenses on Schedule J, including the following: Food $900.00; Lunches at Work $157.00; Clothing $300.00; Laundry & Dry Cleaning $110.00; Recreation $150.00; Grooming $100.00; "Emer Fund/Sav/Misc" $100.00; Bank Service Charges $45.00 and cable TV $122.00 – for a total of $1,984.00 per month. In contrast, the IRS National Standard for food, clothing, household supplies, personal care, and miscellaneous expenses is $1,370.00 for a four-person household. Thus, the Debtors' Schedule J reflects miscellaneous expenses that are $614.00 higher than the relevant IRS deduction ($1,984.00 – $1,370.00) and should be reduced accordingly.

Second, the Debtors claimed excessive education expenses for their children on Schedule J, including the following: "School Monthly" $402.00 and "Uniform/books/Annual tuition" $587.00 – for total education expenses of $989.00. In contrast, Section 707(b)(2)(A)(ii)(IV) provides that the allowable deduction for education costs with respect to dependent children less than 18 years of age is limited to $1,650.00 per year per child, resulting in an allowable monthly deduction of $137.50 per child. Since the Debtors have one child, the educational expense deduction is $137.50 per month. Accordingly, the educational expenses on Schedule J exceed the allowable deduction by $851.50 and should be reduced accordingly.

Third, Debtors claimed excessive vehicle operating expenses on Schedule J, including the following: "Gasoline / Maint / Regist" (not including car payments) $700.00 per month. In contrast, the IRS standard vehicle operating expense deduction for the Northeast Region is $470.00 for a two-car household. In this case, the vehicle operating expenses claimed by the Debtors on Schedule J exceed the relevant IRS deduction by $230.00 ($700.00 – $470.00) and should be reduced accordingly.

Fourth, Debtors claimed excessive utility expenses on Schedule J, including the following: Electricity and heating fuel $350; Water and sewer $215.00; and Cellular $172.00 – for total utility expenses of $737.00. In contrast, the IRS Local Housing Expense Standard for a family of four persons in Caguas County is $483.00 with respect to non-mortgage/utility expenses. Thus, the Debtors' Schedule J reflects utility expenses that are $254.00 higher than the relevant IRS standard ($737.00 – $483.00) and should be reduced accordingly.

Fifth, Debtors claimed excessive Medical and Dental expenses on Schedule J in the amount of $400 per month. In contrast, the IRS National Standards for Out of the pocket Health Care Expenses is $57 per persons under 65 years old, for a total of $228.00 ($57 x 4 persons). Thus, the Debtors' Schedule J reflects Medical and Dental expenses that are $172.00 higher than the relevant IRS standard ($400 – $228.00) and should be reduced accordingly.

On line 18 of amended Schedule J, the Debtors reported total monthly expenses of $6,501.52. After accounting for the adjustments described above, the U.S.T. asserts that the Debtors' monthly expenses total $4,380.02 ($6,501.52 – $614.00 – $851.50 – $230.00 – $254.00 – $172.00) for purposes of determining the debtor's ability to pay pursuant to

§707(b)(3).

For purposes of determining their ability to pay pursuant to §707(b)(3), the Debtors' net monthly income is $6,389.25, and the Debtors' monthly expenses total $4,380.02, resulting in disposable monthly income of $2,009.23 ($6,389.25 – $4,380.02). This level of disposable income would generate $120,553.80 over 60 months, providing full payment for the creditors in this case. Therefore, this factor supports a finding of abuse.

The above examination of (1) the accuracy of the Debtors' Schedules I and J, and (2) how the Debtors may reduce their monthly expenses shows the Debtors' ability to pay their creditors. Moreover, the Debtors' Schedules I and J disclose that their expenses exceed their income by $270.76. Such a significant shortfall in the monthly budget calls the Debtors' candor into question and places the accuracy of their Schedules in doubt. See In re O'Brien, 373 B.R. 503, 506-07 (Bankr. N.D.Ohio 2007); In re Oot, 368 B.R. 662, 668-669 (Bankr. N.D.Ohio 2007). This factor supports a finding of abuse.

§707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of Chapter 7. §707(b)(3) provides that, in considering whether granting relief would be an abuse, the court shall consider whether the debtor filed the petition in bad faith or whether the totality of the circumstances of the debtor's financial situation demonstrates abuse, which latter inquiry focuses upon the debtor's ability to pay. As the Sixth Circuit noted, "[t]here is no constitutional right to a bankruptcy discharge, and the 'fresh start' provided for by the Code is a creature of congressional policy...(citations omitted)...Congress, within the limits set by the Constitution, is free to deny access to bankruptcy as it sees fit." In re Krohn, 886 F.2d 123, 127 (6th Cir. 1989). When Congress

amended Section 707(b), it sent a clear message to all bankruptcy participants: relief under Chapter 7 is intended for honest and needy debtors only. Debtors with an ability to pay should be denied Chapter 7 relief.

Debtors:

Debtors will submit their memorandum of law on or before February 18, 2011.

### H. FORM AO 187 (EXHIBITS AND WITNESSES LIST)

The form is attached.

### ESTIMATED TIME FOR TRIAL

United States Trustee:

The United States Trustee estimates that he will need approximately three (3) hours.

Debtors:

Debtors estimate they will need at least two (2) to three (3) hours after U.S.T.'s and movant's evidence.

**WHEREFORE**, the United States Trustee and Debtors respectfully request that the Honorable Court take note of the above and enter such further relief as deemed just and proper.

### CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| CARLOS G. BATISTA JIMENEZ | cbatista@pdvl.com |
| MONSITA LECAROZ ARRIBAS | ustpregion21.hr.ecf@usdoj.gov |
| LYSSETTE A MORALES VIDAL | lamoraleslawoffice@gmail.com, img.lamoraleslawoffice@gmail.com; |

| | |
|---|---|
| | sqm.lamorales@gmail.com |
| CARLOS E PEREZ PASTRANA (JH) | cperezp@reliablefinancial.com, jhernandezm@reliablefinancial.com |
| FRANCISCO J PORTUONDO DIAZ | fportuondo@bbvapr.com |
| JOHN A ZERBE | jzerbe@ecf.epiqsystems.com |

**I DO HEREBY FURTHER CERTIFY** that on this same date a true and exact copy of the foregoing has been sent by regular United States mail to the Debtors, **Reinaldo Crespo Vazquez** and **Wandelyne Maldonado Mejias**, Urb. Mirador de Bairoa, Calle 24 2T, Caguas, P.R. 00727.

**RESPECTFULLY SUBMITTED**.

DATED: February 15, 2011.

| | |
|---|---|
| **Donald F. Walton**, United States Trustee, Region 21 | **Debtors,** |
| By: s/ *José Carlos Díaz Vega* **José Carlos Díaz Vega, Esq.** United States Department of Justice Office of the United States Trustee 500 Tanca Street, Suite 301 San Juan, PR 00901-1922 Tel: (787) 729-7444 Fax: (787) 729-7449 Email: jose.c.diaz-vega@usdoj.gov | By: s/ *Lyssette Morales Vidal* **Lyssette Morales Vidal, Esq.** Urb. Villa Blanca 76 Aquamarina Caguas, PR 00725-1908 Tel: (787) 746-2434 Fax: (787) 258-2658 Email: lamoraleslawoffice@gmail.com |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

**EXHIBIT AND WITNESS LIST**

CASE NO. 08-07455 BKT

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Brian K. Tester | José C. Diaz-Vega | Lyssette Morales |

| TRIAL DATE(S): | COURT REPORTER | COURTROOM DEPUTY |
|---|---|---|
| Feb. 22, 2011, 2:00 pm | | |

| PLF NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| 1 | | | | X | Excel Spreadsheet Sch. J Dkt. #1 - Emilio Miranda |
| 2 | | | | X | Internal Revenue Manual - Emilio Miranda |
| 3 | | | | X | IRS Standards Living Exp. - Emilio Miranda |
| 4 | | | | X | IRS Standards - Out of Pocket - Emilio Miranda |
| 5 | | | | X | Local Housing - Utilities - Emilio Miranda |
| 6 | | | | X | IRS Local Transp. Exp. - Emilio Miranda |
| 7 | A | Joint | | X | Petition at Dkt #1 |
| 8 | B | Joint | | X | Sch. I & J at Dkt. #1 |
| 9 | C | Joint | | X | Amended Means Test at Dkt #25 |
| | D | | X | | Amended Means Test at Dkt #61 |
| | E | | X | | Amended Sch. I & J at Dkt. #61 |
| | F | | | X | 2008 BPPR bank statements - Debtors |
| | G | | X | | Pictures - Residence - Debtors |
| | H | | X | | Alona Financial Doc's - Debtors |
| | I | | | X | 2007 Tax Returns - Debtors |
| | J | | X | | Excel Spreadsheets CMI -> Debtors |
| | K | | X | | UST Prop. Pos. Legal Issues - |
| | L | | X | | Powerpoint on Disposable Income UST |

*Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of 1 Pages