**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** <br><br> **REINALDO CRESPO VAZQUEZ** <br> **WANDELYN MALDONADO MEJIAS** <br><br> **DEBTORS** | **CASE NO. 08-07455 BKT** <br><br> **CHAPTER 13** |

**TRUSTEE'S POSITION REGARDING DEBTORS' OPPOSITION**
**TO TRUSTEE'S MOTION TO DISMISS**
**Dkt. 83**

**TO THE HONORABLE COURT:**

Comes now Alejandro Oliveras Rivera, Chapter 13 Trustee, represented by the undersigned counsel and very respectfully states and prays:

1.   Trustee filed a Motion to Dismiss on June 24, 2011 for debtors' failure to address all issues raised at the meeting of creditors. Dkt. 82.

2. Recently, debtors opposed to Trustee's Motion to dismiss. In their opposition, they recognized that issues raised at the meeting of creditors are still pending and informed that said issues will be addressed in time for the confirmation hearing.  Trustee points out, that the present case was filed on October 31, 2008 as a Chapter 7, and it was converted to Chapter 13 after negotiations with the Unites States Trustee in view of the fact that debtors have sufficient disposable income to pay their creditors through a Chapter 13 plan. It is relevant to mention as well, that thirty-two (32) months have elapsed since the filing of the petition and creditors have received

Trustee's Position Regarding…
Case No. 08-07455 BKT
Page 2

no distribution.

3. Debtors alleged that their failure to acquiesce with a request made by the Trustee at the meeting of creditors should not by itself warrant dismissal of the case, as sometimes these requests have proven fallible. It is necessary to state that all the issues raised by the Trustee at the meeting of creditors are predicated under Bankruptcy Code provisions and/or applicable state law. In the present case, the following issues still pending for confirmation:

    **a**. Debtor to provide evidence to sustain deductions taken in SCMI at lines: 30, 33, 36, 37, 40 & 45.
    **b**. Amend Schedule of income (I) to eliminate prorrata portion of tax refunds and Christmas bonus and devote both to the plan funding upon receipt;
    **c**. Amend plan to provide for claim 4-2 filed by BPPR;
    **d**. For both debtors provide complete evidence of income from August 2010 up to January 2011, including any and all bonuses received in such period;
    **e**. To disclose inheritance interest with real property located at San Pedro, Maunabo. Inheritance interest obtained within the 180 days of the filing of the chapter 7 case but not disclosed. Provide documentation to sustain value of said interest.
    **f**. Provide evidence of performance bonus received by Mrs. Crespo on February 2011 of aprox. $4,100.
    **g**. Provide evidence of school expenses including tuition;
    **h**. 2010 tax refund has not been received, debtors were instructed to tender same to plan immediately after receipt;
    **i**. Plan fails disposable income test since it does not distribute the unsecured pool established by SCMI;
    **j**. Disclose any and all attorney fee payments made to either attorney Lyssette Morales and/or to Juan Milanes
both pre-petition and post petition.
    **k**. Provide evidence of income used for SCMI calculation.

4. For all the above mentioned, taking into consideration the history of the case since the filing of the chapter 7 petition and for debtors' failure to address substantive issues raised at the meeting of creditors, which converts their answer in a tantrum; the Trustee respectfully requests from this Honorable Court to deny debtors'

Trustee's Position Regarding…
Case No. 08-07455 BKT
Page 3

answer to Trustee's motion to dismiss, and consequently, dismiss the case.

**WHEREFORE**, it is herein respectfully requested from this Honorable Court to take notice of the above mentioned and consequently, dismiss the present case.

**RESPECTFULLY SUBMITTED.**

**NOTICE** : Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed.R.Bank. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this motion with the Clerk of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the foregoing motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all parties in this case registered for receipt of notice by electronic mail. I further certify that the foregoing document has been served to the U.S. Trustee at ustregion21.hr.ecf@usdoj.gov and by depositing true and correct copies thereof in the United States Mail, postage prepaid, to debtor(s), at the mailing address of record.

In San Juan, Puerto Rico, this August 1st, 2011.

**ALEJANDRO OLIVERAS RIVERA**
**CHAPTER 13 TRUSTEE**
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 977-3500 Fax 977-3521
aorecf@ch13sju.com

By: **/s/OSMARIE NAVARRO MARTINEZ**
OSMARIE NAVARRO MARTINEZ
Staff Attorney
USDC-PR # 222611