IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE                                         CASE NO.  08-07455 BKT
REINALDO CRESPO VÁZQUEZ &
WANDELYNE MALDONADO MEJIAS                    CHAPTER 13
Debtors

DEBTORS' MOTION REQUESTING THAT ORDER OF DISMISSAL
BE VACATED & SET ASIDE

TO THE HONORABLE COURT:

Come  now the above named debtors, through the undersigned counsel, and respectfully represent:

I. *Summary of Events.*

This case was dismissed on August 09, 2011,  upon  a  motion to dismiss filed earlier  by the Ch. 13 Trustee for Debtors' imputed failure to comply with the plurality of  requests made by the presiding officer at the §341 meeting. (Dockets #82 & #91)

This motion was  timely opposed  by  Debtors on the theory  that a Debtor's failure to acquiesce with a request made by the trustee at the §341 meeting should not by  itself warrant  dismissal of the case, along  with  the proffer  that Debtors  would  address the  concerns voiced by the trustee at the §341 meeting in due course,  in time for the confirmation hearing that had not yet been scheduled  at the time of these events[1].   (Docket #83).

As ordered by the Court, the trustee subsequently filed what amounts to a "sur-reply" to Debtor's reply to the motion to dismiss, underscoring  the  avowed  reasonableness and the legality of the itemized  requests made by the presiding officer at the §341 meeting,  and  reinstating  the request for dismissal by making reference to the purportedly inordinate period of time that had transpired since the filing of the case under Ch. 7.   (Docket #90).

_____

[1] A hearing on confirmation was subsequently set for October 27, 2011(Docket # 86).

08-07455 BKT
Reinaldo Crespo Vázquez & Wandelyne Maldonado Mejías
*Debtors' Motion Requesting that Order of Dismissal be Vacated & Set Aside*
*Pg. 2*

Pursuant to  FRCP 59(c), FRCP 60(b)(6) F R Civ P, made applicable to bankruptcy cases by Rules 9023(e) & 9024 FRBP Debtors respectfully  move the Court  for  relief from this order for "cause" for the reasons hereinafter stated.

 II.  Argument.

a.  ***Dismissal was Entered Improvidently because the Trustee's Motion to Dismiss fails to Comply with LBR 9013 and is therefore procedurally deficient.***

As appears from motion to dismiss filed by the Ch. 13 Trustee on June 24, 2011, (Docket #82)  (hereinafter "MTD") the Trustee anchors  his request for  dismissal  under  11 USC §521 and §1325(a)(6).    Yet, it clearly appears from its reading that the MTD  fails  to  identify with particularity the applicable sub-sections of §521 that  have  been allegedly  infringed  by Debtors imputed acts or omissions. It is a fact that all §521 requirements were duly and timely complied with prior to the §341 meeting.  None of the marked items on the boilerplate MTD indicate any matter related to §521.

Moreover, the MTD provides no particulars, and is simply  devoid of any   explanation as to  why a  provision  that  strictly deals with a requirement for confirmation  such as  §1325(a)(6) should be construed as providing  grounds for dismissal under the facts of this case.  Note should be taken  in  this  regard that the MTD contains no pleading that takes  issue  on Debtors' ability to make payments under the plan and to comply with the plan. Besides, Debtors submit that the infringement of §1325(a)(6) by itself only gives ground for denial of confirmation.

Debtors also submit that payments under the proposed plan are current.  Accordingly, of the 11 items in Trustee's Report, at least 4 and the subparts relate to information and documents &/or information contained in documents already submitted by the debtors prior to the §341 meeting. See Certificate of Service filed by debtors at d.e. #78 and uploaded to Trustee's electronic docket on 4/20/2011 and the 2010 Income Tax return uploaded into his docket on 4/21/2011 and the January

08-07455 BKT
Reinaldo Crespo Vázquez & Wandelyne Maldonado Mejías
*Debtors' Motion Requesting that Order of Dismissal be Vacated & Set Aside*
*Pg. 3*

2011 payadvices for both debtors requested at the first §341 uploaded on 6/9/2011.  The debtors

complied with all requirements of §521 fully and faithfully.

The MTD in question  clearly  appears to be a "boilerplate" motion  that is customarily filed

in all cases  by the Ch. 13 Trustee's office  after  14 days from the §341 meeting has passed,  to

entice the debtor to act upon the requests made by the Trustee at such meeting in preparation for the

confirmation hearing.   The problem with this motion is that  being perforce "generic",  the language

of the MTD fails to identify with particularity the grounds therefor as these  relate to the specific

facts  of the   case,  aside  from  being   devoid  of   a supporting  brief  or memoranda  of  law in

contravention of LBR 9013-1(b) and 9013-2(a), being  therefore procedurally deficient.

b.   ***To the extent that the Trustee's Sur-Reply weighed in the dismissal, the case was
dismissed prematurely, before expiration of the 14 days notice.***

At the request of the Court, the Trustee supplemented the MTD with a second motion

entitled "Trustee's Position Regarding Debtor's Opposition to Trustee's Motion to Dismiss" (Docket

#90)(hereinafter "Sur-Reply").  Loosely construed, the gist of the argument developed by the Trustee

in this  sur-reply, is that Debtors should not be granted  more  time  to address   the issues raised at

the §341 meeting other than the 14 days already transpired since the date when that meeting took

place, due to the inordinate period of time that has passed since the filing of the petition under Ch.

7 February 22, 2011, during which time creditors have been deprived of any payment.

The sur-reply fails again to identify with particularity the specific provisions of law supporting

the proposition that these events constitute cause of dismissal, or that matter, that a dismissal is in

the best interests of creditors.  It  is further  devoid of a supporting brief  or memoranda of law, all

in contravention with applicable  local  rules.

While Debtors will  address the merits or lack thereof of the sur-reply head-on in subsequent

paragraphs, what concerns us now is the fact that the Sur-Reply specifically  provided  a 14 days

08-07455 BKT
Reinaldo Crespo Vázquez & Wandelyne Maldonado Mejías
*Debtors' Motion Requesting that Order of Dismissal be Vacated & Set Aside*
*Pg. 4*

notice for Debtors to submit a reply or otherwise move the Court as mandated by LBR 9013-1(h)(2)(H).  Given that the sur-reply was filed on August 1, 2011, this 14 day period —as enlarged by Bankruptcy Rule  9006(f)— was set to become due by August 18, 2011.

Accordingly, Debtors respectfully submit that  to the extent that the Trustee's sur-reply  played a part in persuading the Court for entry of the order dismissing case, the case was dismissed prematurely, before expiration of the 14 days notice for Debtors to respond.

c.  ***There is no specific deadline or time period  set forth anywhere  in the Bankruptcy Code, in the Bankruptcy Rules nor in the Local Bankruptcy Rules  for a  Debtor to Respond to the Requests or Remarks made by the Trustee at the §341 meeting.***

The  Trustee primarily  based his  request for dismissal on Debtors' failure to submit the documents and information, and make the amendments to plan and schedules requested by the presiding officer at the §341 meeting.  These requests are  customarily made verbally  and noted in the §341 minutes, without specific due dates  given or normally agreed by the parties. Furthermore, in this case virtually the only evidence requested verbally at the §341 meeting was the use of merit bonus and more post petition payment advices.  The plurality of requests or the 11 items were requested thereafter in the written Report, many of which had already been provided upon conversion to Ch 13 through electronic submission prior to the §341 meeting and were available for the Trustee to review if the electronic copies were not available.

The §341 Minutes are  basically a "report" by the Trustee as to  the events that transpired at the §341 meeting, and the parties present.  While it may arguably serve other purposes, the §341 minutes simply do not rank as a  "*pleading*" or a "***request for a remedy***"  within the scope of Rule 9013 FRBP and LBR 9013 (1-2-3-4-5)  that calls into application the service requirements of  Rule 9014(b) FRBP  and LBR 9014-1(b).   In Ch. 13 cases,  the §341 minutes  may also  serve to announce — but procedurally  do not constitute— a formal objection to confirmation.   Much less do they rank as an "order" by a Court.  Debtors submit  that  there  is simply  no statutory nor

08-07455 BKT
Reinaldo Crespo Vázquez & Wandelyne Maldonado Mejías
*__Debtors' Motion Requesting that Order of Dismissal be Vacated & Set Aside__*
*Pg. 5*

procedural deadline in contemporary bankruptcy law for a Debtor to act on the remarks made by the
Trustee at the §341 meeting and transcribed  in the §341 minutes.

Being that the §341 minutes are not a formal pleading, there is therefore no need or
requirement  for a Debtor to submit  a  formal  reply  thereto.  It further being that there are no
statutory nor procedural  timetables for a Debtor to act upon the remarks made by the Trustee in the
§341 minutes — since  these are not  a "pleading"— there is therefore no need for the Debtor to
request an extension of  time to act upon these remarks, or otherwise justify any imputed failure to
comply.    In this regard, the MTD filed by the Trustee is simply unwarranted.

d.    *__For all practical purposes, the date set for the confirmation hearing is the beacon
followed by most practitioners to time the follow-up on matters raised at the §341 meeting.   In
this case there was no date set for the confirmation hearing at the time the Trustee requested
dismissal of the case.__*

Given that the date set for the hearing on confirmation triggers the applicability of LBR
3015-2(f)(1) setting a 10 day deadline for the filing of  amended plans at the pre-confirmation stage,
and the 5 day deadline for the Trustee to submit the corresponding recommendation set forth  LBR
3015-2(f)(1)(D),   most practitioners in this jurisdiction normally time  the  follow up on all pending
matters as per the §341 minutes by reference to that pivotal date.

Debtors note in this regard that at the time when the Trustee filed his MTD, no hearing on
confirmation had yet been set in this case.  Accordingly,  no unjustified delay can be attributed to
Debtors for  failing to act upon the requests made by the trustee within 14 days from the date of  the
§341  meeting,  such  that  would  hinder  or   impair  the  Trustee's  ability   to  submit  a  timely
recommendation or otherwise comply with his duties.

e.  *__There has been no unreasonable  delay by Debtors in this case, nor is there any
specific allegation of unreasonable delay by the Trustee in support  for dismissal.   Reference to
the prior history of this case while in Ch. 7 is improper.__*

In the sur-reply the Trustee makes reference to the fact that this case was filed 32 months
ago  (now 33) on October 31, 2008 during which time creditors have received no distribution, and

08-07455 BKT
Reinaldo Crespo Vázquez & Wandelyne Maldonado Mejías
***Debtors' Motion Requesting that Order of Dismissal be Vacated & Set Aside***
*Pg. 6*

that it was converted to Ch. 13 after negotiations with the US Trustee given that debtors had sufficient disposable income to pay their creditors through a Ch. 13 Plan.

Let us begin by pointing out that the pendency of this case during Ch. 7 cannot be conscionably used by the Ch. 13 Trustee in support of dismissal. That the case took so long in Ch. 7 was justified by the fact that Debtors were steadfastly contesting a motion under §707 filed by the U.S. Trustee that was litigated by Debtors with some procedural success until the time of an evidentiary hearing, when Debtors opted for conversion in response to this Court's persuasion, and not as a result of any negotiation with the U.S.T. Moreover, Debtors are not at fault that there was no distribution to creditors in Ch. 7, because distribution to creditors in Ch. 7 is not incumbent on the Debtor but remains solely the province of the Ch. 7 Trustee.

Pursuant to §1307(c)(1) a case may be dismissed on request of a party in interest for unreasonable delay by the debtor that is prejudicial to creditors. Debtors respectfully point out that nowhere in either of the two motions filed in this case by the Trustee pursuing dismissal of this case is there a specific and unequivocal allegation of unreasonable delay attributable to Debtors, nor in fact has the Ch 13 Trustee alleged or supported his MTD that the best interests of creditors lies in a dismissal..

***f.      SUPPORT FOR REQUEST TO VACATE DISMISSAL***

Congress has designed our federal court system so that it affords civil litigants ample opportunity to seek review of adverse decisions. First, litigants may request reconsideration of an unfavorable result. Rule 59(c) and 60(b). Second, losing parties are entitled to seek review of "all final orders" in the court of appeals 28 U.S.C. §1334. The animating concept behind this foregoing structure is that justice is best served by the checks and balances afforded by regular opportunities for judicial review. *Hudson United Bank vs LiTenda Mortg Corp.*, 142 F 3d 151 (CA 3 1998).

**There is Just & Good Cause &/or Excusable Neglect to Set Aside Dismissal**

Motions for reconsideration or to vacate judgment are reviewed either under the "excusable neglect" or the "good cause" standard. Federal Rule of Civil Procedure 60(b) provides that "the

08-07455 BKT
Reinaldo Crespo Vázquez & Wandelyne Maldonado Mejías
*Debtors' Motion Requesting that Order of Dismissal be Vacated & Set Aside*
*Pg. 7*

court may relieve a party or a party's legal representative from a final judgment, order, or proceeding, on motion and upon such terms as are just, upon a finding of 'mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b).

FRCP 59(c) provides that "for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

"Excusable neglect" imposes a greater burden on the party seeking relief than does "good cause." See *United States v. One Urban Lot located at I Street a-1*, 885 F 2$^d$ 994, 997 (1st Cir. 1989).

> "At first blush it might seem inconsequential whether the review of motions to vacate is under Rule 55(c) or Rule 60(b), but the [good cause] standard for relief under Rule 55(c) is less demanding than its Rule 60(b)[excusable neglect] counterpart". Coon v Grenier, 867 F 2$^d$ 73, 76 (1st Cir. 1989). "Good cause" is a mutable standard, varying from situation to situation. It is likewise a liberal one – but no so elastic as to be devoid of substance. It derives its shape both contextually and by comparison with the more rigorous standard applicable to attempts to vacate judgments under FRCP 60(b), the 'good cause' threshold for Rule 55(c) relief is lower, ergo more easily overcome, than that which obtains under Rule 60(b)".

See also *Greene v. Union Mutual Life Ins. Co. of America*, 764 F 2$^d$ 19, 22 (1st Cir. 1985)("a party asking for relief from judgment under Rule 60(b) typically must shoulder a fairly heavy burden.") *In re Lambeth Corp.*, 227 B.R. 1 (BAP 1st Cir. 1998).

The First Circuit articulates "good cause" thus:

> We have recently visited the compendium of factors which a district court should consider in "analyzing the quantum and quality of [a defaulted party's] 'cause' to see if it was 'good', that is, if it warranted removal of an entry of default," and it would be pleonastic to rehearse that discussion here. It is enough to reemphasize that, while certain recurrent elements should be probed-the proffered explanation for the default, whether the default was willful, innocent, or somewhere in between, whether setting it aside would prejudice the movant's adversary, whether the movant possesses a meritorious defense, and the timing of the motion, Rule 55(c) determinations are case-specific. They must, therefore, be made in a practical, commonsense manner, without rigid adherence to, or undue reliance upon, a mechanical formula. When all is said and done, 'good cause' is a mutable standard varying from situation to situation."

*General Contracting & Trading Co. v. Interpole, Inc.* 889 F 2$^d$ 109, 112 (1st Cir. 1990)(quoting

08-07455 BKT
Reinaldo Crespo Vázquez & Wandelyne Maldonado Mejías
*Debtors' Motion Requesting that Order of Dismissal be Vacated & Set Aside*
*Pg. 8*

*Coon*, at 76) quoted in *Lambeth Corp.* 227 B.R. 1, 7 (BAP 1ˢᵗ Cir. 1998).

We understand that the Court may consider the dismissal under a "good cause" standard since the Order of dismissal is not yet final, or in the alternative, this Court should follow the same application of the five-point excusable neglect formulation articulated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 387-397 (1993). Stating that the determination of whether or not neglect is excusable "is at bottom an equitable one," dependent on the "circumstances surrounding the party's omission," id. at 395.

In the instant case this Court should make a similar analysis as the Supreme Court, in following at least three of the five factors to advance the analysis:

> *The danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.*

### Five-point Excusable Neglect Formulation Applied to Debtor

"The danger of prejudice to the debtor" is tremendous in the instant case if debtor is required to file a new case under BAPCPA, since they must overcome the factors needed under §362 for extension of the stay and would require payment of attorney fees and filing fees once again and other incidental costs related with pre filing requirements.

"The length of the delay and its potential impact on judicial proceedings" – In the case before this Court today, there has been no delay.  The hearing on confirmation is not scheduled until **October 27, 2011** and the case has met all the requirements under BAPCPA upon filing both the C7 and upon conversion to C13 and the latest bar date does not elapse until **August 31, 2011**.

"The reason for the delay, including whether it was within the reasonable control of the movant".  Preparation of a case in C13 should not be through quick and rapid responses to a Trustee's *observations* in his *Report* or *Minutes,* amending schedules and plans several times prior to confirmation.  In this case there was ample time to prepare and amend, if really needed, after the

08-07455 BKT
Reinaldo Crespo Vázquez & Wandelyne Maldonado Mejías
*Debtors' Motion Requesting that Order of Dismissal be Vacated & Set Aside*
*Pg. 9*

bar date for filing of claims.  The latest bar date for filing of proof of claims for governmental entities in this case does not elapse until **August 31, 2011**.

### a.   Lack of Opportunity for Hearing

Both the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure at FRBP 1017(f) require prior notice to the debtor of any hearing**,** accompanied by a motion or order to show cause specifying the reasons for dismissal**,** before dismissal may be considered. Even in the absence of the statutory requirements for notice**,** fundamental concepts of procedural due process would require notice to the debtor and an opportunity to be heard on the bankruptcy court's reasons for dismissal**.**  *In re Muessel*, 292 B.R.712 (BAP 1st Cir).

In this case, this Court dismissed the bankruptcy case before providing Debtors opportunity to respond to the trustee's second motion and as such did not provide debtors' a right to be heard or a hearing before dismissing their case.

In the more recent case of *Hamilton* 399 B.R. 717 (B.A.P. 1st Cir. 2009) the Bankruptcy Appellate Panel reminds the Hamilton bankruptcy Court that:

> *"The First Circuit has repeatedly cautioned that violation of a single order may be insufficient to warrant dismissal under the rule. See, e.g., Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006); Bachier-Ortiz v. Colon-Mendoza, 331 F.3d 193, 195 (1st Cir.2003); Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 38 (1st Cir.2002); Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 6 (1st Cir.2002). In those cases where the First Circuit has affirmed the sanction of dismissal with prejudice for violation of court orders, it has explained that the circumstances of the dismissal must be examined, given the preference that a matter be tried on the merits and the litigants be given ample notice. Benitez-Garcia, 468 F.3d at 5; see also In re Bushay, 32,7 B.R. at 704 (concluding that the numerous instances of disregard of court orders warranted affirmance of dismissal). It has offered that a trial court should weigh the following factors when considering whether to dismiss for violation of court orders:*
>
> *the severity of violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.... There is also a procedural dimension."  Benitez-Garcia, 468 F.3d at 5 (citing Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir.1996))".*

08-07455 BKT
Reinaldo Crespo Vázquez & Wandelyne Maldonado Mejías
*Debtors' Motion Requesting that Order of Dismissal be Vacated & Set Aside*
Pg. 10

In Hamilton, there was a failure to apprise Hamilton that missing the 30-day deadline might result in dismissal, which according to the appellate court rendered the dismissal order procedurally suspect. The Court held that such a lack of warning holds the capacity for working unfairness, particularly in a case such as this where no other factors point toward the propriety of dismissal.   The instant case is similar to *Hamilton*, and is likewise procedurally suspect.  The lack of warning here is similar to what *Hamilton*, supra warned, "holds the capacity for working unfairness, when as here no other factors point toward the propriety of dismissal."

In the instant case there was no time limitation imposed either by Rule of Procedure or Court Order that these debtors failed to comply or observe. Neither was there an Order to Show Cause or any other type of warning that dismissal would result by the Court.  Dismissal is too harsh.

At most, an Order to Show Cause should have been entered or considered by this Court before dismissing this case on such poorly pled and totally lacking on points of authority as those contained in Trustee's motion to dismiss and later, to a lesser degree, in his *Trustee's Position.*.

Debtors should have been afforded minimally the opportunity to competently and completely respond to *Trustee's Position* and frame an answer and affirmative defenses to the plurality of requests contained in Trustee's Report [not a pleading] and to amend its plan and/or its Schedules prior to the confirmation hearing scheduled for **October 27, 2011**, if in fact there were deficiencies or omissions or other defects, in its case, prior to dismissal.

Debtors seek reconsideration or for the Court to vacate its dismissal on FBRP 7055(c), FRCP 59(c), and FRBP 9023(e) or 9024 this Court has ample grounds for consideration of the dismissal of the bankruptcy case.

The Court has jurisdiction to consider a timely motion to reconsider and/or set aside &/or alter amend an Order or judgment for cause prior to its finality.

**WHEREFORE**, debtor respectfully prays that notice is taken of the amendments.

Respectfully submitted in Caguas, Puerto Rico on August 25, 2011

08-07455 BKT
Reinaldo Crespo Vázquez & Wandelyne Maldonado Mejías
***Debtors' Motion Requesting that Order of Dismissal be Vacated & Set Aside***
***Pg. 11***

      **CERTIFICATE OF SERVICE**: I hereby certify that on August 25, 2011 I electronically

filed the foregoing with the Clerk of the Court on this same date using the CM/ECF System which

will send notification of such filing to all registered parties.

                                    *s/ L.A. Morales*

                                 LYSSETTE MORALES VIDAL
                                 USDC 121100
                                 URB VILLA BLANCA
                                 CAGUAS, PUERTO RICO 00725-1908
                                 TEL.: 746-2434 FAX: 258-2658
                                 lamoraleslawoffice@gmail.com
                                 E-MAIL: lamoraleslawoffice@gmail.com