IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

**IN RE**

**REINALDO CRESPO VAZQUEZ**
**WANDELYNE MALDONADO MEJIAS**

**CASE NUMBER: 08-07455-BKT**
**CHAPTER 13**

**Debtor(s)**

_____

### OPPOSITION TO DEBTORS' "MOTION REQUESTING RECONSIDERATION OF DISMISSAL" D.93

**TO THE HONORABLE COURT:**

**COMES NOW**, Alejandro Oliveras Rivera, Standing Chapter 13 Trustee, and very respectfully, **ALLEGES**, **STATES** and **PRAYS**:

INTRODUCTION

This Honorable Court entered an order dismissing the case on August 9, 2011, docket no. 91. On August 25, 2011, debtors filed a motion requesting reconsideration of the dismissal order (hereinafter "Reconsideration") and on September 26, 2011, this Court ordered the trustee to state his position regarding debtors' request, dockets no. 93 & 94 respectively. In compliance with said order, the trustee submits the present motion and for the reasons that will be discussed below, opposes the reconsideration of the dismissal order.

BACKGROUND

1. The present case was filed on October 31, 2008, originally as a chapter 7 case. After a "Motion to Dismiss Case for Abuse" filed by the U.S. Trustee and a long term battle between the parties, on February 22, 2011 the case was converted to a chapter 13, see Minutes, docket no. 68.

2. The first chapter 13 meeting of creditors was scheduled for April 28, 2011. Said meeting was not held because debtor failed to bring his social security card; thus, the meeting was continued to June 9, 2011, see docket no. 79.

3. Few hours prior the second chapter 13 meeting of creditors, at 12:42 p.m., debtors amended schedule I and J, docket no. 80. After concluding said meeting of creditors, the trustee submitted an unfavorable report, see docket no. 81.

4. On June 24, 2011, the trustee filed a "Motion to dismiss" for debtors' failure to amend plan, schedules and submit various documents requested, see docket no. 82. On July 24, 2011, debtors filed an "Opposition to Trustee's Motion to dismiss", docket no. 83.

5. In compliance with an order given by this Court, the trustee filed his position regarding debtors' "Opposition to Trustee's Motion to dismiss" on August 1, 2011, docket no. 90.

6. Subsequently, an order dismissing the present case was filed on August 9, 2011 and debtors are now requesting the reconsideration of the dismissal order. The Trustee opposes debtors' request for reconsideration of the dismissal inasmuch debtors have failed to make the amendments and submit the documents requested in order to allow this Court, parties in interest and Trustee the opportunity to evaluate whether their plan complies with all applicable provisions of the bankruptcy court. Furthermore, in their "Reconsideration", debtors have failed to meet the standard for considering a Rule 60 motion.

DISCUSSION

7. The Federal Rules of Bankruptcy Procedure does not provide for a motion for reconsideration of an order of dismissal. However, the federal courts have stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b). Which rule applies depends essentially on the time a motion is served. If a motion is served within ten[1] days of the rendition of judgment, the motion ordinarily will fall under rule 59(e); if not, the motion will be construed as a rule 60(b). In re Pabón Rodríguez, 233 B.R. 212 (Bankr. D.P.R. 1999); also see In re Falú García, 2006 WL 3898343 (Bank. D.P.R.).

8. In the present case, debtors' "Reconsideration" was filed sixteen (16) days after the entry of the order of dismissal; thus, it falls under rule 60(b).

9. Ruble 60 (b) provides that a party may seek relief from judgment for certain reasons, including, mistake, inadvertence, surprise or excusable neglect or any other reason justifying relief from the operation of the judgment.

10. To prevail on a Rule 60(b) motion, movant must demonstrate: (1) timeliness; (2) exceptional circumstances justifying relief; (3) and the absence of unfair prejudice to the opposing party, see Teamsters v. Superline, 953 F2d. 17 (1st Cir. 1992).

---

[1] Currently fourteen (14) days as per rule amendments effective since December 1, 2009.

11. "In this circuit, such motions are granted only under exceptional circumstances. *See* Karak v. Bursaw Oil Corp*.,* 288 F.3d 15, 19 (1st Cir.2002) ("Relief under Rule 60(b) is extraordinary in nature and [ ] motions invoking that rule should be granted sparingly."); Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 63-64 (1st Cir.2001) (**'Although many courts have indicated that Rule 60(b) motions should be granted liberally, this Circuit has taken a harsher tack.'**)". (Emphasis ours). In re Aja, 441 B.R. 173 (1st Cir B.A.P. 2011).

12. "The most important factor in this test is the reason for the delay which requires a statement of the reasons and a satisfactory explanation for the delay.  The First Circuit has repeatedly upheld findings of 'no excusable neglect' in the absence of unique or extraordinary circumstances." Rodríguez v. Carrión, 396 B.R. 790 (1st. Cir. BAP 2008).

13. In their Reconsideration, **debtors have failed to demonstrate any extraordinary circumstances** that warrant the relief sought. No valid factual arguments were presented in order to justify their failure to address the "Motion to Dismiss" filed by the trustee since June 24, 2011. Mere allegations regarding the trustee's manner of handling the case are not relevant circumstances or justification for the reconsideration of the case.

14. The trustee filed the "Motion to dismiss" in order to promote the efficient and rapid administration of the case. It is also the trustee's intention to avoid last minute filings and amendments on the eve of the confirmation hearing. Debtors' comments such as "*most*

*practitioners in this jurisdiction follow up on all pending matters by reference to the confirmation date[2]*" and "*there was ample time to prepare and amend, if really needed, after the bar date for filing of claims[3]*" are contrary to the prompt administration of the bankruptcy case. Even more, debtors' comments regarding other bankruptcy counsel's practices are completely irrelevant to the matter at hand and are an absurd intent to deviate from the real controversy in the case.

15. "Courts routinely deny motions in which the movant rehashes old arguments, attempts to reargue an issues more persuasively that the court has already address, or where a movant tries to take the proverbial 'second bite at the apple'". Rich Floors, LLC v. Jaylon Inc.,2010 WL 3547428 (D.Co 2010). "Attempts to 'take a second bite at the apple' or pad the record for purposes of appeal are thus beyond the scope of Rule 59 and 60." In re DEF Investments, Inc., 186 B.R. 671 (Bankr.D.Minn 1995).

16. It is an uncontested fact that a motion was filed by the trustee and debtors, although they had the opportunity to do so, purposefully failed to properly address the merits of the "Motion to dismiss". At present, debtors have failed to submit various documents and have failed to file amended schedules and plan. The following matters are pending since the meeting of creditors held June 9, 2011:

---

[2] See page no. 5 and page 8 of debtors' "Reconsideration". The trustee is not able to make reference to the appropriate paragraph number because debtors failed to comply with LBR 9013-1(b).

[3] It is unknown to the trustee why debtors should wait for the bar date to elapse in order to file the necessary amendments. Although the trustee has not been able to assess the liquidation of the value, debtors' plan does not provide for in full payment plus legal interest to all unsecured creditors.

    a. debtor to provide evidence to sustain deductions taken in SCMI at lines: 30, 33, 36, 37, 40 & 45.

    b. Amend Schedule of income (I) to eliminate prorrata portion of tax refunds and X-mass bonus and devote both to the plan funding upon receipt;

    c. Amend plan to provide for claim 4-2 filed by BPPR;

    d. For both debtors provide complete evidence of income from August 2010 up to Janaury 2011, including any and all bonuses received;

    e. To disclose inheritance interest with real property located at San Pedro, Maunabo. Father died on January 2009: 4 heirs and widow. Porvide documentation to sustain value. **Inheritance interest obtained within the 180 days of the filing of the chapter 7 case but not disclosed.**

    f. Mrs. Maldonado received a performance bonus of approx. $4,100 on February 2011. Provide evidence of the same. They used the money for school expenses (tuition and books); house paint and to trim a tree at the residence;

    g. Provide evidence of school expenses including tuition;

    h. 2010 tax refund has not been received, debtors were instructed to tender the same into plan immediately after receipt;

    i. Plan fails disposable income test since it does not distribute the unsecured pool established by SCMI;

    j. Disclose any and all attorney fee payments made to either attorney Lyssette Morales and/or to Juan Milanés;

    k. Provide evidence of income used for SCMI calculation.

    17. It is proper to mention as well that almost three (3) years have elapsed since the filing of the petition and creditors have not received a penny from debtors, while they are enjoying the protections of bankruptcy.

    18. In addition, the trustee opposes debtors' allegations regarding lack of proper notification of the "Motion to dismiss". The trustee fully agrees with debtor as to the importance of the due

process of law and reaffirms his compliance with the applicable rules and law. The Supreme Court has repeatedly stated that in order to satisfy due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In re San Miguel Sandoval, 327 B.R. 493 (1st Cir. BAP 2005) citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

19. Rule 9014 of the Federal Rules of Bankruptcy Procedure establishes that a contested matter must: 1)be requested by a motion; and 2)provide reasonable notice and opportunity for hearing to the party against whom relief is sought. The motion shall be served in the manner provided by Rule 7004.

20. Rule 7004 (b)(1) states that service may be made by first class mail to an individual by mailing a copy of the summons and complaint to the individual's dwelling house or place of abode. In addition, Rule 7004(g) provides that, if a debtor is represented by an attorney, proper service shall be made upon debtor's attorney by any means authorized under Federal Civil Procedure Rule 5(b); one of the means to serve a motion according to Rule 5(b) is by way of electronic means.

21. In the present case, and from a cursory review of the docket history, it can be concluded that the trustee complied with the due of process of law: the trustee's request for dismissal was made by a motion (docket no. 82); the trustee incorporated the thirty-day notice in compliance with Local Bankruptcy Rule 9013 (h)(2)(H); the motion

was notified electronically to debtor's attorney, Ms. Lyssette Morales, notified by regular mail to debtors (address of record) and to other parties in interest. The "Motion to dismiss" also encloses a "Military Status Report" pursuant to the Service Members Civil Relief Act indicating that debtors are not in military duty.

22. Debtors further allege that the Court "*did not provide debtor's a right to be heard or a hearing before dismissing the case*", see page [4] no. 9 of the Reconsideration. Debtors are not correct: a hearing was not necessary. First of all, debtors failed to request a hearing in their "Opposition to Trustee's Motion to dismiss", see docket no. 83.

23. Second of all, section 1307 of the Bankruptcy Code provides that the Court may convert or dismiss a case for cause on request of a party in interest after notice and a hearing. In turn, under the rules of construction established in section 102(1), the term 'after notice and a hearing' means after such a notice is appropriate in the particular circumstances but authorizes an act without an actual hearing if such notice is given properly.

24. "There was complete awareness on the part of the principal congressional architect of the Code that 'after notice and a hearing' did not contemplate a hearing in every instance. Indeed, that result was fully intended." In re Sullivan, 2 B.R. 350 (Bank. Maine 1980).

25. LBR 9013-1(d) allows the Court to act upon a motion without a hearing under appropriate circumstances, including situations (just

---

[4] The trustee is not able to make reference to the appropriate paragraph number because debtors failed to comply with LBR 9013-1(b).

like in the present case) when a motion is opposed only by objections which are, given the law and the established facts of the case, without merit. In the present case, and although a terse opposition was filed by debtors, debtors failed to property oppose or address the merits of the trustee's request for dismissal: they merely stated that "*they will address the concerns voiced by the trustee at the 341 meeting in due course*", paragraph no. 3 of the "Opposition to trustee's Motion to dismiss". Thus, the Court's order dismissing the case was adequately entered and an appropriate relief given the particular facts of the case.

26.    As a final note, the debtors' "Reconsideration" should also be denied inasmuch it fails to comply with LBR 9013-1(h).

CONCLUSION

Taking into consideration the procedurally history of the case since its filing as a chapter 7 petition three (3) years ago, and debtors' failure to address the substantive issues raised at the meeting of creditors and as described in the trustee's "Motion to dismiss", the Trustee respectfully requests from this Honorable Court to deny debtors' reconsideration of dismissal.

In addition, debtors have failed to comply with the standard of review established by the applicable rules and law regarding the amendment or relief from this Honorable Court's order granting the dismissal of the case; thus, debtors' request should be denied. "Rule 60(b) is reserved for 'extraordinary circumstances' that justify 'extraordinary' relief". Rodríguez v. Carrión, 396 B.R. 790 (1st. Cir. BAP 2008); see also In Re Aja, 441 B.R. 173 (1st Cir BAP 2011).

"The federal courts have consistently stated that a **motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly** because of interest in finality and conservation of scarce judicial resources." (Emphasis ours). See Pabón Rodríguez, 233 B.R. 212 (D.P.R. 1999).

**WHEREFORE**, for the reasons stated above, it is respectfully requested from this Court to DENY debtors' "Motion requesting reconsideration of dismissal".

## NOTICE

YOU ARE HEREBY NOTIFIED THAT YOU HAVE FOURTEEN (14) DAYS FROM THE DATE OF THIS NOTICE TO FILE AN OPPOSITION TO THE FOREGOING MOTION AND TO REQUEST A HEARING. IF NO OPPOSITION IS FILED WITHIN THE PRESCRIBED PERIOD OF TIME, THE TRUSTEE'S MOTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED WITHOUT FURTHER HEARING UNLESS(1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INEREST OF JUSTICE REQUIRES OTHERWISE. IF A TIMELY OPPOSITION IS FILED, THE COURT WILL SCHEDULE A HEARING AS A CONTESTED MATTER.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sent a notification of such filing to lamoraleslawoffice@gmail.com. I further certify that I have mailed this document by First Class Mail postage prepaid to debtor--address of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 5th day of October, 2011.

                          **ALEJANDRO OLIVERAS RIVERA**
                              **CHAPTER 13 TRUSTEE**
                                  P.O. Box 9024062
                            San Juan, PR 00902-4062
                            Tel. 977-3500  Fax 977-3521
                                  aorecf@ch13sju.com

                    By: **/s/ROSAMAR GARCIA FONTAN**
                                ROSAMAR GARCIA FONTAN
                                      Staff Attorney
                                    USDC-PR # 221004
                                  rgarcia@ch13sju.com