IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

**IN RE:**

**REINALDO CRESPO VAZQUEZ**

**WANDELYNE MALDONADO MEJIAS**

XXX-XX-7309

XXX-XX-5614

**Debtor(s)**

CASE NO. 08-07455 BKT

Chapter 13

**FILED & ENTERED ON 10/21/2011**

## OPINION AND ORDER

This proceeding is before the Court upon a motion filed by the Debtors on August 25, 2011(Dkt. No. 93), requesting reconsideration of the Court's Order dismissing the case, entered on August 9, 2011(Dkt. No. 91), and the Chapter 13 Trustee's (the "Trustee") opposition to the reconsideration motion, filed on October 5, 2011(Dkt. No. 96). For the reasons set forth below, Debtors'request for reconsideration is hereby DENIED.

**I. Procedural background**

Debtors filed their voluntary petition on October 31, 2008, under the provisions of Chapter 7 of the Bankruptcy Code. (Dkt. No. 1). The case was converted to a Chapter 13 case upon a bench order issued on March 4, 2011. (Dkt. No. 68).

On June 24, 2011, the Trustee filed a motion to dismiss predicated on Debtors' need to amend its Plan, as well as Schedules B & I, and for Debtors' failure to submit the documentary evidence requested by the Trustee during the meeting of creditors held on June 9, 2011, pursuant to 11 U.S.C. §341 (the "341 meeting").  (Dkt. No. 82).

On July 24, 2011, Debtors filed a succinct opposition to the Trustee's request for dismissal (Dkt. No.83), generally stating that Debtors' failure to acquiesce with a request made by the Trustee at the 341 meeting should not by itself warrant dismissal of the case (the "Opposition").  Debtors also expressed theirintention to address the concerns raised by the Trustee.

In compliance with the Order of July 28, 2011 (Dkt. No. 84), on August 1st, 2011, the Trustee submitted his position as to Debtors' Opposition and provided a detailed account of the substantive issues raised by the Trustee since the 341 meeting, which Debtors failed to address, and which hinder confirmation. (Dkt No. 90).

Upon the Trustee's motion to dismiss, and in consideration of the Debtor's Opposition and the Trustee's reply thereto, on August 9, 2011, the Court entered an Order dismissing the case. (Dkt. No. 91).

Dissatisfied with the Court's ruling, on August 25, 2011, Debtors filed a motion requesting that the order dismissing the case be vacated and set aside. (Dkt. No. 93). Debtors' allegations for reconsideration can be summarized as follows: (1) that the order for dismissal was erred because the Trustee failed to identify with clarity which sub-sections of Section 521 of the Bankruptcy Code, among others, were applicable to the request for dismissal; (2) that the order for dismissal was premature, since the 14-day objection period for the Trustee's sur-reply had not expired; (3) that there is no deadline or time period set forth in the Bankruptcy Code or Bankruptcy Rules for the Debtor to respond to the requests made by the Trustee at a 341 meeting; (4)that the date set for the

hearing on confirmation triggers the applicability of the deadlines to file amended plan, the Trustee's recommendations thereto, as well as the follow up period for the matters raised by the trustee during the 341 meeting; and (5) that Debtors have not incurred in unreasonable delay in the handling of their bankruptcy case.

As per the Order entered on September 26, 2011 (Dkt. No. 94), the Trustee opposed to Debtors' request for reconsideration and further stated that, up until October 5, 2011, date of the filing of the Trustee's position, Debtors had still neglected to submit the various documents demanded by the Trustee, and had failed to amend their Plan and schedules. (Dkt. No. 96).

**II. Discussion**

Debtors seek reconsideration of the dismissal pursuant to Federal Rules of Bankruptcy Procedure 9023 & 9024, which make Federal Rules of Civil Procedure 59 and 60 applicable to bankruptcy proceedings.

**A. Altering or amending a judgment**

Fed R Bankr P 9023 provides in part as follows:

"A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."

Accordingly, the 28-day period to file a motion to alter or amend a judgment under Fed. R. Civ. P. 59 is reduced to 14 days, as per Fed R Bankr P 9023. This 14-day time period is jurisdictional and may not be extended. 10 *Collier on Bankruptcy* ¶9023.07 (15th ed. rev.). In fact, Rule 9006(b)(2) prohibits the enlargement of any of the time periods established by Rule 9023.

In conformity with Federal Rule of Civil Procedure 59, a party seeking reconsideration "must

either clearly establish a manifest error of law or must present newly discovered evidence.*" Marie v. Allied Home Mortgage Corp.*, 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) quoting *Pomerleau v. W. Springfield Pub. Sch.*, 362 F. 3d 143, 146 n. 2 (1st Cir. 2004). In *Marie*, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Federal Rules of Civil Procedure 59 (e). The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." *Marie v. Allied Home Mortgage Corp.*, 402 F 3rd at 7 (citing 11 C. Wright et al., *Federal Practice & Procedure* § 2810.1 (2d ed. 1995)).

Reconsideration of a judgment under Rule 59 is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment. It is directed at allowing a court to correct its own errors. *White v.New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982).Moreover, it is well settled that Rule 59 (e) does not exist to give parties a second chance to prevail on the merits generally. Rule 59 (e) is not to be used to reassert arguments and theories previously rejected by the Court. The rule is that Rule 59(e) motions are to be "aimed at reconsideration, not initial consideration." *Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A.*, 897 F.2d 611, 616 (1st Cir. 1990). *See also*, *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F. 2d 119, 123 (1st Cir. 1999) (Rule 59 (e) does not allow the losing party to rehash old arguments, previously considered and rejected).Thus, parties should not use Rule 59(e) motions to raise arguments which could, and should, have been made before judgment issued. *Id.* (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. . .[t]hey may not be used to argue a new legal theory." *Id.*

The Court finds unnecessary and superfluous a discussion of the arguments already considered

and rejected upon the analysis that led to granting of the motion to dismiss filed by the Trustee. Besides, this Court finds that Debtors' motion for reconsideration was untimely filed, given that 16 days had elapsed from the entering of the Order dismissing the case.

Moreover, in their opposition to the motion to dismiss, Debtors restricted their arguments to one: that Debtors' failure to acquiesce with a request made by the Trustee at the 341 meeting should not by itself warrant dismissal of the case. This untimely request is meritless. Debtors' duties within a bankruptcy case include the filingof schedules and statement of affairs, which revealDebtors' financial situation, including all of the Debtor's assets and liabilities. 11 U.S.C. § 521(a)(1). Debtors' obligation to disclose assets is a continuing one. 4*Collier on Bankruptcy* ¶521.07 (16$^{th}$ed.). Equally crucial is Debtors'obligation to amend their schedules as necessary to reflect the reality of their assets or claims. Furthermore, in cases in which a Trustee is serving in the case, such as the case at bar, Debtors must cooperate with the Trustee as necessary for the Trustee to perform his duties.11 U.S.C. §521(a)(3). Debtors' "cooperation" towards the Trustee must be construed as "whenever the trustee calls upon the debtor for assistance in the performance of his duties, the debtor is required to respond, at least if the request is not unreasonable". 4 *Collier on Bankruptcy* at ¶521.15[5].

Not only did Debtors acknowledge theirnoncompliance to the Trustee's requirements, but also relinquished every other argument posed in their belated reconsideration.We decline to rule on the applicability of the remaining matters addressed by Debtors because they were raised for the first time on reconsideration.

There was no reason why Debtors could not have made their arguments before the dismissal order was entered. Furthermore, the arguments brought by Debtors by way of reconsideration neither reveal a manifest error of law nor present newly discovered evidence.Consequently, this

CourtDENIESDebtors request for reconsideration under Fed. R. Civ. P. 59.

**B. Relief from a Judgment or Order**

Debtors' request for relief under Fed R Bankr P 9024 and Fed. R. Civ. P. 60 is similarlyflawed. Debtors' motion for reconsideration is predicated on Rule 60, which affords six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding.Particularly, Debtors proffer that the order dismissing the case should be vacated under the good cause and excusable neglect standard.

Federal Rule of Civil Procedure 60(b) seeks to balance the interest in the stability of judgments with the interest in seeing that judgments not become instruments of oppression and fraud.10 *Collier on Bankruptcy* ¶9024.03 (15th ed. rev.). "[T]he court may relieve a party . . . from a final judgment, order, or proceedings for . . . mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1); Rule 60(b)(6) permits relief "for any other reason that justifies relief."Fed R. Civ. P. 60(b)(6).

Relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly. *Karak v. Bursaw Oil Corp*. 288 F.3d 15, 19 (1st Cir.2002). Such relief is available in our jurisdictiononly when exceptional circumstances exist to justify this extraordinary relief. *In re Rodriguez Camacho*, 1st Cir.BAP (P.R.) 2007, 361 B.R. 294 (citing*Simon v. Navon*, 116 F.3d 1, 5 (1st Cir.1997)). A party who seeks relief under Rule 60(b) must persuade the Court, at a bare minimum, that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.*Rodriguez Camacho*, *supra* (citing*Karak v. Bursaw Oil Corp*. 288 F.3d 15, 19 (1st Cir.2002)). Except for the

timeliness of Debtors' motion for relief, none of the above factors have been demonstrated. Debtors have failed to allege details showing excusable neglect under a Rule 60(b)(1), or "any other reason justifying relief" under a Rule 60(b)(6). The Court concludesthat Debtors' arguments under Rule 60(b) are meritless andthat dismissal was appropriate in this case.

WHEREFORE, IT IS ORDERED that Debtors' motion for reconsideration shall be, and it hereby is, DENIED. The case remains dismissed.

**IT IS SO ORDERED.**

**San Juan, Puerto Rico this 21 day of October, 2011.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**